Warren J. KENNEY, Russell Lyons, Arthur Scher, Donald E. Stolberg, Donald R. Marshall, Willis J. Murdock, Robert F. Kardasz and Frank Key, Plaintiffs,

v.

SHAW INDUSTRIES, INC., Defendant.

Civ. A. No. 4:89–cv–268–HLM.

United States District Court,
N.D. Georgia,
Rome Division.

May 17, 1991.

Mary Ann B. Oakley, Oakley & Bonner, Atlanta, Ga., for plaintiffs Warren J. Kenney, Russell Lyons, Arthur Scher, Frank Key, Janet R. Stolberg and Robert F. Kardasz.

Ronald P. Lilek, Office of Ronald P. Lilek, Wheaton, Ill., for plaintiff Donald R. Marshall.

Michael Stuart Pineda, Brown Dobson Burnette & Kesler, Chattanooga, Tenn., for plaintiff Willis J. Murdock.

David R. Aufdenspring, Dara L. DeHaven, James Michael Harley, Francis Anthony Landgraff, III, Powell Goldstein Frazer & Murphy, Atlanta, Ga., for defendant Shaw Industries, Inc.

## ORDER

HAROLD L. MURPHY, District Judge.

This age discrimination suit filed pursuant to 29 U.S.C. §§ 621 *et seq.*, is before the Court on Defendant's motion for summary judgment. After reading the hundreds of pages of briefs and examining the voluminous documentary evidence on file with the Court, it is clear that summary judgment is inappropriate in this case.

The Defendant, Shaw Industries, ("Shaw"), is a carpet manufacturer operating out of its headquarters in Dalton, Georgia. In 1987, Shaw acquired the carpet and rug division of West Point–Pepperell, Inc., ("WPP"). Each of the Plaintiffs[1] in this case were employed by the carpet and rug division of WPP in a sales or sales management position. The sales agreement between Shaw and WPP stated that "Shaw will offer employment to substantially all of [WPP's carpet and rug division] former employees ...; provided, however, that any employment by Shaw of former employees of the Division shall be in the sole discretion of Shaw, which shall have no obligation to enter into any such employment...." The Plaintiffs are among those individuals not rehired by Shaw following

---

1. Plaintiff Marshall has not responded to the motion for summary judgment and thus under the local rules the Court finds that he has no opposition to the same. *See,* Local Rule 220–1(b)(1).

the acquisition of WPP. The Plaintiffs allege that Shaw's refusal to rehire them constitutes discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634.

## I

■ The ADEA represents a comprehensive congressional scheme designed to prohibit and remedy employment discrimination based on age. The ADEA provides a cause of action for those individuals over forty years of age who suffer adverse employment decision based solely on their age. Plaintiffs who file ADEA claims are required to prove that age is a determinative factor in the employer's adverse employment decision. *Young v. General Foods Corp.*, 840 F.2d 825, 828 (11th Cir. 1988), *cert. denied*, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989). There are at least three mechanisms by which a plaintiff can meet this burden. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041 (11th Cir.1989), *cert. dismissed sub nom,* — U.S. ——, 110 S.Ct. 884, 107 L.Ed.2d 1012 (1990); *Pace v. Southern Railway System*, 701 F.2d 1383, 1388 (11th Cir.), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983). In ADEA jurisprudence this burden is referred to as the plaintiff's *prima facia* case. The plaintiff has the burden of proving the *prima facia* case by a preponderance of the evidence. *Stanfield v. Answering Service, Inc.*, 867 F.2d 1290, 1293 (11th Cir.1989). Failure to establish a *prima facia* case or to rebut the defendant's asserted defense thereto entitles an employer to summary judgment. *Earley v. Champion International Corp.*, 907 F.2d 1077, 1081 (11th Cir.1990); *Young*, 840 F.2d at 828.

■ In ADEA cases there are three methods by which a Plaintiff can carry his burden at the *prima facia* stage. First, a prima facia case can be proven through the use of direct evidence of the defendant-employer's discriminatory intent. In direct evidence cases, the plaintiff introduces evidence which, if believed, establishes that an employer acted with discriminatory motive in making an employment decision. Direct evidence is that quantity of evidence which tends to prove the existence of a fact without inference or presumption. *Earley*, 907 F.2d at 1081. "[O]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, ... constitute direct evidence of discrimination. *Ibid., quoting, Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir.1989). If such evidence is produced, then the burden shifts to the employer to prove by a preponderance of the evidence that the same decision would have been reached absent any discriminatory intent. *Buckley v. Hospital Corp. of America*, 758 F.2d 1525, 1529–30 (11th Cir.1985).

■ A second method of drawing the nexus between age and adverse action by an employer is by statistical proof of a pattern or practice of discrimination. *Pace*, 701 F.2d at 1388. This method of establishing a *prima facia* case is necessary in those situations where the plaintiff is replaced by an individual who is himself or herself a member of the protected class. In this situation, "evidence of a pattern of terminating older workers ... allow[s] the reasonable inference that age had played a role in [plaintiff's] discharge." *Ibid., quoting, McCorstin v. U.S. Steel Corp.*, 621 F.2d 749 (5th Cir.1980). If a plaintiff relies solely on statistical evidence to prove discrimination, he has the burden of presenting sufficient proof which, in conjunction with other evidence, gives rise to an inference of discrimination. *Pace*, 701 F.2d at 1388.

■ Once this inference is established, the defendant-employer must rebut the inference which the statistical evidence produces by articulating a nondiscriminatory reason for the plaintiff-employee's discharge. If this is done, the plaintiff then must prove by a preponderance of the evidence that the employer's asserted reason is merely a pretext for a discriminatory dismissal. *Verbraeken*, 881 F.2d at 1045.

■ The final and most common method of proving an ADEA violation is through circumstantial evidence. In this instance, the plaintiff utilizes what is commonly re-

ferred to as the *"McDonnell Douglas* test." This test, adopted from the Supreme Court's decision in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) requires a plaintiff to establish a *prima facia* case by proving that he or she (1) was a member of the protected class, (2) was subject to an adverse employment action, (3) was replaced with a person outside the protected group,[2] and (4) was qualified to do the job. *Verbraeken,* 881 F.2d at 1045.

■ If this is a reduction-in-force case as contended by the Defendant,[3] there is a variant of the *McDonnell Douglas* test that is applicable. In this instance, a plaintiff can establish a *prima facia* case by (1) demonstrating that he is a member of the protected group, (2) that he was qualified for the position held prior to the reduction-in-force decision, and (3) produce either direct or circumstantial evidence by which a fact finder can reasonably determine that the employer discriminated on the basis of age in reaching the decision at issue. *See, Earley,* 907 F.2d at 1082; *Verbraeken,* 881 F.2d at 1045-46.

■ If a plaintiff succeeds in establishing a *prima facia* case under the *McDonnell Douglas* approach, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory rationale for the discharge. Once the employer does so, the burden shifts back to the plaintiff to establish that the employer's asserted reasons for the adverse employment action are pretextual. If, at this stage, the plaintiff, fails to "present concrete evidence in the form of specific facts which show that the defendant's proffered reason is mere pretext the employer is entitled to summary judgment." *Earley,* 907 F.2d at 1081. Finally, the burden of proving discriminatory treatment remains with the plaintiff at all times. *Ibid.*

Having briefly set out the principal theories of liability and the corresponding standards of proof in the ADEA, the Court now considers the appropriate standard for summary judgment in age discrimination cases.

## II

Federal Rule of Civil Procedure 56(c) authorizes summary judgment when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the burden of demonstrating that no dispute as to any material fact exists. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Bingham, Ltd. v. United States,* 724 F.2d 921, 924 (11th Cir.1984). The moving party's burden is discharged merely by " 'showing'— that is, pointing out to the District Court— that there is an absence of evidence to support [an essential element of] the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

In assessing whether the movant has met this burden, the District Court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *See Bradbury v. Wainwright,* 718 F.2d 1538, 1543 (11th Cir. 1983). Once the moving party has adequately supported its motion, the nonmovant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute that precludes the entry of summary judgment. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). *Clark v. Coats & Clark Inc.,* 929 F.2d 604, 608, (11th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

---

**2.** The Eleventh Circuit has held that if the discharged employee is replaced by an individual who is also in the protected group, that such an occurrence will not, as a matter of law, preclude proof of a *prima facia* case. *Pace,* 701 F.2d at 1390.

**3.** A reduction-in-force case involves a situation "where the employer seeks no new applicants for jobs terminated." *Earley,* 907 F.2d at 1082.

evidence on which a jury could reasonably find for the plaintiff." *Earley*, 907 F.2d at 1080, *quoting, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

In deciding a motion for summary judgment, it is not part of the Court's function to decide issues of genuine material fact but solely to determine whether there is such an issue to be tried. *See, Anderson*, 477 U.S. at 242, 106 S.Ct. at 2505; *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). It is the applicable substantive law which will identify those facts that are material. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2509. Facts which in good faith are disputed, but which do not resolve or affect the outcome of the suit will not properly preclude the entry of summary judgment. *Id.* In short, such facts are not material. The materiality of a fact rest solely on the governing substantive law. A district court "can only grant summary judgment ' "if *everything* in the record ... demonstrates that no genuine issue of material fact exists." ' " *Tippens v. Celotex Corp.*, 805 F.2d 949, 952 (11th Cir.1986), *quoting Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir.1980) (emphasis in original).

Genuine disputes are those where the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Moreover, for factual issues to be "genuine" they must have a real basis in the record. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Id.* at 586, 106 S.Ct. at 1356 (citations omitted.) "[T]his standard mirrors the standard for a directed verdict.... [T]he inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson*, 477 U.S. at 250–52, 106 S.Ct. at 2511–12.

 Because a motion for summary judgment does not lessen the burden on the nonmoving party, the ADEA plaintiff still bears the responsibility of coming forward with sufficient evidence on each element of the *prima facia* case. *Rollins v. Tech South, Inc.*, 833 F.2d 1525, 1528 (11th Cir. 1988). Accordingly, in an ADEA case summary judgment must be granted if the plaintiff fails to prove the elements necessary for the establishment of a *prima facia* case. If on any part of the *prima facia* case there would be insufficient evidence to require submission of the case to a jury, summary judgment must be granted. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987). Likewise, summary judgment is also appropriate if the plaintiff fails to rebut the defendant-employer's legitimate business justification for its actions.

### III

 The first issue to resolve is whether this case presents a reduction-in-force situation or whether it is simply a merger of two corporate entities. The Court finds that the evidence on file clearly indicates that this matter is properly analyzed as a merger of corporate entities rather than as a reduction-in-force decision by Shaw.

In order to conclude that this is a reduction-in-force case, the Court would have to find that the positions from which the Plaintiffs were discharged were eliminated entirely and that no replacements were hired. *Earley*, 907 F.2d at 1080, 1082; *Barnes*, 814 F.2d at 607. There is ample evidence in the record that the positions which the Plaintiffs held were filled by other individuals after the Plaintiffs' termination. Only if the positions which they formerly held were entirely eliminated would the Plaintiffs be required to satisfy the *prima facia* requirements for reduction-in-force situations.

Having determined that this is not a reduction-in-force case, the issue becomes whether the Plaintiffs are attempting to establish their case through use of direct or

circumstantial evidence, or whether their case is predominately a statistical challenge to the Defendant's employment decisions. It is clear that the Plaintiffs are alleging that they suffered disparate treatment at the hands of the Defendant and the evidence they adduce to support their claim of intentional discrimination is an amalgam of circumstantial, direct and statistical evidence. Accordingly, the Plaintiffs are utilizing the *McDonnell Douglas prima facia* standard.

The Plaintiffs in this case were over forty years of age at the time of Shaw's acquisition of WPP. Following the acquisition, the Plaintiffs were not rehired by Shaw and their original positions were filled by other individuals. Finally, the Plaintiffs have provided sufficient evidence for a jury to conclude that the discharged Plaintiffs were qualified to do the job from which they were released. The Plaintiffs having met their initial burden under *McDonnell Douglas*,[4] the burden now shifts to the Defendant to articulate a legitimate nondiscriminatory reason for its actions.

Shaw maintains that its decision as to which WPP employees would be hired depended upon a number of legitimate business considerations including, among other things: (1) Shaw's desire to avoid duplication of personnel; (2) Shaw's desire to pursue only certain segments of the carpet market; and (3) the fact that some of the Plaintiffs did not satisfy Shaw's standards of job performance while employed by WPP.

For purposes of this motion the Court will accept as substantiated by the evidence each of the "defenses" raised by Shaw and

shift the burden to the Plaintiffs to prove that material questions of fact exist as to whether the proffered reasons are merely pretext for intentional discrimination. The Court finds that material questions exist.[5]

The Court has extensively reviewed the evidence on file and finds that it invariably lends support to the conclusion that material issues of fact exist as to each Plaintiff's claim of pretext. A jury could find that the proffered reasons of the Defendant are a subterfuge for intentional age discrimination.

The reasons for the Court's conclusion are adequately set out in the Plaintiffs' brief in opposition to summary judgment and thus need not be repeated at this juncture. The Defendant's attack on the Plaintiffs' statistical evidence while interesting, is not sufficient to compel the Court to disregard it since it goes to the weight of the evidence rather than to its admissibility.

The evidence, both circumstantial, statistical, and direct mandates that summary judgment not be granted in this matter. The Plaintiffs have introduced substantial evidence which calls into question the motive and intent of the Defendant. Whether or not the jury will find such evidence creditable is another issue. Viewing the evidence most favorably towards the Plaintiffs, the Court is left with the firm impression that the Defendant has not carried its burden on summary judgment and that material facts remain to be resolved.

## IV

ACCORDINGLY, the Defendant's motion for summary judgment is DENIED except as to Plaintiff Donald R. Marshall.

---

**4.** Even were this matter to be analyzed as a reduction-in-force case, the Plaintiffs would still satisfy their initial burden under *McDonnell Douglas*. There is ample circumstantial evidence in the record, if left unrefuted, which would allow a factfinder to reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision at issue. Since at this stage of the analysis the Defendant has not yet articulated his legitimate nondiscriminatory justification for its action, the Court must find, and would find, that the Plaintiffs have met their initial burden.

**5.** While the Court finds that material questions exist, it is not thereby commenting on the creditability of the evidence—that is for the jury alone. Whether or not the Plaintiffs prove pretext—or any other element of this case—is a question for the jury, the Court simply finds that a jury can reasonably conclude that the Plaintiffs suffered discrimination at the hands of the Defendant. *See, Stanfield*, 867 F.2d at 1293 (whether *prima facia* case is established is essentially a factual question).

**1510**

Defendant's request for oral argument is DENIED as MOOT. Defendant's motion to substitute a page is GRANTED.

The Plaintiffs motions to file supplemental briefs are DENIED as MOOT.

The parties are DIRECTED to file within thirty days a consolidated Pretrial Order.

IT IS SO ORDERED.