Anthony T. LEE et al., Plaintiffs,

United States of America, Plaintiff-Intervenor and Amicus Curiae,

National Education Association, Inc., Plaintiff-Intervenor-Appellant,

v.

MACON COUNTY BOARD OF EDUCATION et al. (Conecuh County Board of Education, et al.), Defendants-Appellees.

No. 74–1708.

United States Court of Appeals,
Fifth Circuit.

Aug. 7, 1974.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. Filed pursuant to 42 U.S.C. § 1983.

2. See Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Solomon S. Seay, Jr., National Ed. Assoc., Inc., Montgomery, Ala., Charles S. White-Spunner, U. S. Atty., Mobile, Ala., David L. Norman, U. S. Dept. of Justice, Jerris Leonard, Asst. Atty. Gen., Civil Rights Div., Randell Wright, U. S. Dept of Justice, Educational Section, Washington, D. C., for plaintif-intervenor-appellant.

.J. B. Nix, Jr., Evergreen, Ala., Robert G. Kendall, III, Mobile, Ala., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The claim of National Education Association, Inc. (NEA) as intervenor in the litigation involving the Conecuh County School Board was last before this court in Lee v. Macon County Board of Education (Conecuh County Board of Education), 5 Cir., 1973, 482 F.2d 1253. We remanded the cause to the district court for findings of fact and conclusions of law with respect to the rights of four black former school principals and four dismissed black teachers. We also directed to the district court the question whether the NEA might advance the claims in question on behalf of the class consisting of the named principals and teachers.

After noting that the specific relief sought as to the principals and teachers in the Court of Appeals had not been previously asserted on their behalf by the NEA in the district court, the court dismissed the cause on the ground that a class action could not be maintained by the NEA. The basis of the dismissal was the failure to meet the requirement of Rule 23(a)(1), F.R.Civ.P., that the class be "so numerous that joinder of all members is impracticable." We note that no member of the purported class has appeared as a plaintiff in the litigation.

We find no error in the determination by the district court. See Hill v. American Airlines, Inc., 5 Cir., 1973, 479 F.2d 1057; Foster v. Mobile County Hospital Board, 5 Cir., 1968, 398 F.2d 227.

Affirmed.