Ezra **HODGE, etc., Plaintiff-Appellant,**

v.

**McLEAN TRUCKING COMPANY et al., Defendants-Appellees.**

No. 77–2749.

United States Court of Appeals, Fifth Circuit.

Dec. 5, 1979.

Sidney Ravkind, Stephen M. Vaughan, Houston, Tex., for plaintiff-appellant.

Joel B. McCarty, Jr., Houston, Tex., for McLean Trucking.

James P. Wolf, Houston, Tex., for Local 988.

Edward B. Cloutman, III, Dallas, Tex., for Internat'l Bro. & Southern Conference.

Before MORGAN, RONEY and GARZA, Circuit Judges.

PER CURIAM:

In this Title VII employment discrimination case plaintiff Ezra Hodge requests relief against his employer McLean Trucking Company and the International Brotherhood of Teamsters. Hodge seeks to overturn a seniority system which will admittedly perpetuate the effects of past discrimination. The District Court for the Southern District of Texas granted the defendant's motion for dismissal under Fed.R. Civ.P. 41(b) on the ground that the plaintiff had failed to file his EEOC complaint within 180 days of an alleged discriminatory act as required by 42 U.S.C. § 2000e. An additional issue in this case is whether the trial court abused its discretion in refusing to certify the class action proposed by the plaintiff or allow the intervention of other members of that proposed class.

I  FACTUAL BACKGROUND

The facts relevant to Hodge's individual claims are as follows. Hodge, a black, was hired by McLean as a city driver in August 1965, after having been advised that it was company policy not to hire blacks as road drivers. Hodge made no further inquiries about the possibility of transferring to a road driving position until November 1972,

when McLean posted a notice inviting applications from city drivers to become road drivers. As a condition of the transfer to road driving, however, city drivers were required to relinquish all seniority earned in city driving. For this reason, and because the notice provided little additional information about the conditions of transfer, Hodge at first declined to apply for a road driving position. Two other black city drivers, however, signed the notice and eventually received road driving jobs. After the notice was removed, Hodge sought further information about the conditions of a transfer, and was told that it was too late to apply for the openings listed in the November notice but that he would be informed of the next road driving job opening available. In March 1973, McLean hired four more white road drivers without first offering a position to Hodge.

Hodge filed a discrimination charge against McLean and the Teamsters on June 29, 1973, asserting that he would not transfer from city driving to road driving because a transfer would result in the forfeiture of seniority. The EEOC issued a right to sue letter on January 18, 1974, and Hodge filed this suit on January 28, 1974.

In the meantime, McLean posted a second invitation to city drivers to transfer to road driving in September 1973. Bob Guastead, McLean's Terminal Manager, contacted Hodge individually about the road driving openings. Again, Hodge declined to apply for a transfer because he preferred not to lose his accumulated seniority. Five other city drivers did apply for transfers and three of these eventually became road drivers. Of this group, two were black and one was white.

The case was tried before the District Court on July 26, 1977. After the plaintiff rested, the court granted the defendants' motion for judgment under Rule 41(b). The court found that since November 1972 McLean had not discriminated against blacks, and that Hodge had failed to prove a discriminatory act within 180 days of the filing of his EEOC complaint, as he is required to prove under 42 U.S.C. § 2000e.

During that 180 day period, the court concluded, "the reason that plaintiff has not been a road driver is not because he is black but because he did not want to give up his seniority as required by the collective bargaining agreement." The court also found that the dual seniority system was neutral in operation and therefore could not serve as the required act of discrimination within the 180 day period.

## II  THE REQUIREMENT OF A DISCRIMINATORY ACT

■ Plaintiff Hodge is at the outset confronted with the requirement of proof of an act of discrimination within 180 days of the filing of his EEOC complaint. Proof of discrimination against Hodge in McLean's refusal to hire him as a road driver in 1965 is not sufficient for this purpose, even if the past discrimination affects his current rights under an existing racially neutral seniority system. *United Air Lines v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).

■ A bona fide dual seniority system, racially neutral in application, cannot, in itself, serve as the basis for liability even if it may have the incidental effect of perpetuating the effects of past discrimination. *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). The seniority system negotiated between McLean and Teamsters requires that a transferee from city to road driving, and vice versa, must forfeit seniority earned as a city driver and accept seniority as the newest or last member of the road drivers' seniority list. Hodge does not allege, nor did he prove, that McLean's dual seniority system is racially discriminatory in application.

■ The only other possible act of discrimination within the 180 day period alleged by Hodge was McLean's decision in March 1973 to hire four whites as road drivers without informing Hodge of the openings. Yet when Hodge was offered a second opportunity to transfer to road driving in September 1973, he declined to trans-

fer because he wished to retain his seniority. On this record, the District Court could find that Hodge remained a city driver by his own volition. Even if the hiring of the four white road drivers was an act of discrimination for which McLean is liable, the court could offer no remedy other than what Hodge refuses to take: a position as a road driver without his city driving seniority.

## III HODGE'S OTHER CLAIMS

 Hodge also appeals from the refusal of the District Court to certify his case as a class action or allow the intervention of the three other members of the proposed class, Acy Jackson, Tim Phylow and J. D. Reed. The class of four Hodge purports to represent does not satisfy the requirement of numerosity or impracticability of joinder required by Rule 23 of the Federal Rules of Civil Procedure. *See Lee v. Macon County Board of Education*, 498 F.2d 1090 (5th Cir. 1974). Jackson, Phylow and Reed cannot qualify as intervenors because they have not filed an EEOC charge or obtained a right to sue letter, which are prerequisite to a cause of action under Title VII of the Civil Rights Act of 1964. *Cutliff v. Greyhound Lines*, 558 F.2d 803 (5th Cir. 1977).

AFFIRMED.