Robert JONES, Plaintiff-Appellant,

v.

LUMBERJACK MEATS, INC., a Corporation, Defendant-Appellee.

No. 80–9047

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 6, 1982.

Robert Jones, pro se.

Spain, Gillon, Riley, Tate & Etheredge, Alton B. Parker, Jr., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge:

Robert Jones brings this pro se appeal from the district court's ruling below rejecting claims of discrimination against him by his employer, Lumberjack Meats, Inc.[1]  We affirm.

---

1. Jones was represented by counsel during the trial below.

## I.

Lumberjack hired Jones in 1967. He was cited several times during his employment for, among other things, poor job performance, insubordination, tardiness, and poor relations with other workers. Jones in turn filed a number of grievances against Lumberjack, alleging, among other things, harassment by employees and violations of seniority. He also filed several charges against his employer with the Equal Employment Opportunity Commission (EEOC).[2] In one of those charges, Jones claimed that Lumberjack had discriminated against him in refusing to assign him to a ham bone removing table. Stating that no openings had existed for the position Jones sought, the EEOC found no reasonable cause to believe that Lumberjack had engaged in illegal employment practices.[3] Jones' last complaint to the EEOC, prior to his claims arising out of his discharge, was filed in 1974.

In 1977 Lumberjack employees saw the outline of a pistol in Jones' pocket. A supervisor called the police, who searched Jones and found a tear gas pistol on his person. Jones was arrested. When he later tried to return to work, he was informed that he had been fired for carrying the pistol in violation of company rules. After his discharge a union representative told him that he had lost his pension benefits.

Jones filed a grievance alleging discriminatory discharge. An arbitrator found for Lumberjack. Jones filed a charge with the EEOC, which issued a notice of right to sue. Jones then filed suit, alleging that he had been denied a position as a ham boner because of his race, in violation of 42 U.S.C.A. § 2000e–2; that he was discharged because of his race and because he had previously filed charges with the EEOC against Lumberjack, in violation of 42 U.S.C.A. §§ 2000e–2 & 2000e–3; and that he was discharged in order to deprive him of pension benefits, in violation of 29 U.S.C.A. § 1140.[4] The district court found against Jones on all claims.

## II.

Jones' pro se brief is exceedingly difficult to follow. Reading his statements with extreme liberality, we interpret them as disputing the district court's conclusions regarding each of his claims.[5] We find no

---

**2.** Although the record is not entirely clear, it appears that he filed charges in 1971, 1973, and 1974.

**3.** The EEOC did, in 1974, find reasonable cause to believe that Jones had been harassed for filing a charge of racial discrimination with the EEOC. Responding in 1974 to an earlier complaint by Jones, it found reasonable cause to believe that Lumberjack's disciplinary measures against employees whose wages were garnished by creditors was an unlawful employment practice; it is not clear, however, whether Jones ever specifically protested concerning Lumberjack's policies toward employees whose wages were garnished.

**4.** Jones' initial complaint also contained charges of harassment in keeping records marked "void" in a company file on him, in keeping him under surveillance, in failing to post a job opening, and in giving that opening to an individual with less seniority than he had. The claims appear to relate to charges he had filed with the EEOC in earlier years. Neither in pretrial orders nor during the hearing below were the claims advanced as specific contentions. We assume that they were either subsumed into those at issue at trial or were dropped by Jones.

**5.** Jones raises several new issues on appeal. He complains of denials of pay on several occasions, of denials of health and unemployment benefits, and of the denials of opportunities to bid on jobs other than ham boner. Since he did not raise the issues below when he had the opportunity to do so and, we note, when he was represented by counsel, he cannot raise the issues on appeal in the absence of a miscarriage of justice. *In re Corrugated Container Antitrust Litigation*, 647 F.2d 460, 461 (5th Cir. 1981). Failure to recognize these claims will result in no miscarriage of justice. Jones ties none of his complaints to alleged discrimination or retaliatory action.

Jones in his brief appears to seek a remand in order to obtain further evidence and to cross-examine defense witnesses. He had adequate opportunity to present evidence and cross-examine the witnesses below. We decline to permit him additional opportunities to present evidence. He also has filed a motion, styled as a request for leave to supplement the record on appeal, that actually requests further evidentiary hearings. We deny the motion.

error by the court. We treat his arguments sequentially below.

■ For Jones to prevail on his claim that he was illegally denied a position as a ham boner, he must show a discriminatory act by Lumberjack within the 180 days prior to the time he filed his 1977 charge with the EEOC. *Hodge v. McLean Trucking Co.*, 607 F.2d 1118, 1120 (5th Cir. 1979); *Bracamontes v. Amstar Corp.*, 576 F.2d 61, 62 (5th Cir. 1978). Among the elements Jones must establish in making out a prima facie case showing such a discriminatory act is the existence of an open position as a ham boner for which he applied. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 n.6, 101 S.Ct. 1089, 1094 n.6, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). The evidence shows no position as a ham boner open within the 180 days prior to his filing charges with the EEOC. His claim must, therefore, fail.

■ We turn next to Jones' claims of racially discriminatory or retaliatory discharge. In order to make out a prima facie case of discriminatory discharge, a plaintiff must prove (1) that he is a member of a protected minority, (2) that he was qualified for the job from which he was discharged, (3) that he was discharged, and (4) that his former position was filled by a non-minority. *Lindsey v. Mississippi Research and Dev. Center*, 652 F.2d 488, 491 (5th Cir. 1981); *Marks v. Prattco, Inc.*, 607 F.2d 1153, 1155 (5th Cir. 1979). To establish a prima facie case of discharge in retaliation for filing charges with the EEOC, a plaintiff must show (1) statutorily protected expression, (2) adverse employment action, and (3) a causal link between the protected expression and the adverse action. *Lindsey, su-*

pra; *Smalby v. City of Eatonville*, 640 F.2d 765, 769 (5th Cir. 1981). Once a prima facie case is established, the defendant must articulate some legitimate nondiscriminatory reason for an action. *Burdine, supra*, 450 U.S. at 253, 256, 101 S.Ct. at 1094, 1095; *Lindsey, supra*, 652 F.2d at 492. If the defendant meets his burden, the plaintiff must prove that the defendant's reasons are merely pretextual. *Burdine, supra*, 450 U.S. at 253, 101 S.Ct. at 1094; *Lindsey, supra*. A district court's finding on whether a plaintiff has proved discrimination is one of ultimate fact. *Lindsey, supra; Robbins v. White-Wilson Medical Clinic, Inc.*, 642 F.2d 153, 154–55 (5th Cir. 1981); *Thompson v. Leland Police Dept.*, 633 F.2d 1111, 1112 (5th Cir. 1980). The Supreme Court recently has explicitly indicated that such findings can be overturned only if clearly erroneous.[6] *Pullman-Standard v. Swint*, —— U.S. ——, —— – ——, 102 S.Ct. 1781, 1787–91, 72 L.Ed.2d 66 (1982).

The district court appeared to rule that Jones did not make out a prima facie case proving racially discriminatory discharge.[7] It did find that he had made out a prima facie case for discharge in retaliation for filing charges with the EEOC. The court, however, also found that Lumberjack had discharged Jones for carrying the tear gas pistol while working on the job and for his poor relationship with other company employees. These reasons, the court concluded, were valid and nondiscriminatory.

■ Assuming the validity of the district court's determination that Jones had made out a prima facie case of retaliatory discharge, we find its conclusion that Lumberjack had shown legitimate nondiscriminatory reasons for the discharge well supported by the record.[8] We also agree that Jones presented no prima facie case for

---

**6.** The former Fifth Circuit had held prior to *Swint* that findings of ultimate fact were subject to plenary review by the circuit court. *Lindsey, supra; Robbins, supra; Thompson, supra.*

**7.** The court stated that it found no evidence of any racial motivation with respect to any charge in the case.

**8.** Jones, citing unpunished actions by other employees, seems to suggest that Lumberjack's reasons for discharging him were merely pretextual. He did not present the alleged actions as evidence to the district court below. Even accepting his assertions, we do not find that they render the district court's findings clearly erroneous.

discriminatory discharge. We have found no evidence in the record showing that Jones was replaced by a non-minority.[9]

Finally, we consider Jones' contention that Lumberjack discharged him in order to deprive him of pension benefits to which he was entitled. On reviewing the record, we, like the district court, can find absolutely no evidence supporting Jones' claim.

The judgment of the district court is AF-FIRMED.

---

**9.** Even if a prima facie case were established, the valid, nondiscriminatory basis that the dis-trict court found for the discharge would rebut that case.