Charles **THURMAN**

v.

**ROBERTSHAW CONTROL COMPANY.**

Civ. No. 2:93–cv–0054–WCO.

United States District Court,
N.D. Georgia,
Gainesville Division.

Aug. 26, 1994.

Order on Reconsideration Oct. 6, 1994.

Christopher David Langley, Office of Christopher David Langley, Decatur, GA, for plaintiff.

Robert Carl Cannon, Donald W. Benson, Constangy, Brooks & Smith, Atlanta, GA, for defendant.

## ORDER

O'KELLEY, Chief Judge.

The captioned case is before the court on defendant's motion for summary judgment [11–1].

## FACTS

Defendant is engaged in the manufacture of certain appliances and parts at a facility in Ellijay, Georgia. Plaintiff was an employee of defendant for approximately nineteen years, in which time he received a series of promotions. Plaintiff's ultimate position with defendant was in a supervisory capacity relating to shipping, receiving, and storage of parts. Plaintiff was terminated from his position in October 1991. Plaintiff was not offered alternate employment within the company. He has since obtained employment elsewhere.

Plaintiff seeks recovery under two distinct claims: the age claim and the retaliation claim. Each will be discussed in turn.

In regard to the age claim, plaintiff alleges that his discharge was in part attributable to the fact that he was over the age of forty; he was forty-five years old at the time of his discharge. This places plaintiff within the class of persons covered by the Age Discrimination in Employment Act (ADEA). Dan Damico, age forty-three, assumed plaintiff's responsibilities for supervising shipping and receiving employees, while Tim Hall, age thirty-one, assumed responsibility for the small storeroom tool crib. Defendant contends that plaintiff's job was eliminated as a result of a downturn in business and as part of a larger reduction in force. Plaintiff has no direct evidence of age discrimination but, rather, attempts to establish the existence of discriminatory conduct based on statistical evidence. Plaintiff never heard anything which would indicate that his layoff was attributable to his age.

Regarding the retaliation claim, plaintiff alleges that his termination from employment was in retaliation for his wife's—also a former employee of defendant—filing of a charge of gender and age discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiff's wife was laid-off by the defendant in July 1991. Approximately six weeks thereafter she filed the EEOC charge. Plaintiff did not complain to management that his wife's discharge was discriminatory. Plaintiff admits that he was never directly asked to influence his wife to drop the charge. He further testified that he is not aware if his son, also employed by defendant, suffered any retaliation.

A final issue raised in the motion and response thereto is the retroactive applicability of the remedial provisions of the Civil Rights Act of 1991.

## LEGAL ANALYSIS

### I. Summary Judgement

Summary judgement shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c). Only those claims for which there is no need for a factual determination and for which there is a clear legal basis are properly disposed of through summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

It is well settled that a court considering a motion for summary judgment must view the evidence in a light most favorable to the nonmoving party. *See, e.g., Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir.1988); *Tippens v. Celotex Corp.*, 805 F.2d 949, 952 (11th Cir.1986), *reh'g denied*, 815 F.2d 66 (11th Cir.1987). It is important to recognize, however, that this principle does not require the parties to concur on every factual point. F.R.C.P. 56 "[b]y its very terms, ... provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). The governing standard as to which facts are material is the relevant sub-

stantive law in the case. *Id.* at 248, 106 S.Ct. at 2510. Thus, the "threshold inquiry [is to determine] whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511. Further, it should be emphasized that the "[c]onsideration of a summary judgment motion does not lessen the burdens on the non-moving party: the non-moving party still bears the burden of coming forward with sufficient evidence on *each element* that must be proved." *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1080 (11th Cir.1990). The *Earley* court also held:

> The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party].... Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.... If the evidence is *merely colorable,* or is *not significantly probative,* summary judgment may be granted.

*Id.* at 1080 (emphasis in original) (citations omitted). While the *Earley* decision involved an employment discrimination case, its pronouncements as to summary judgment are of general applicability.

## II. *ADEA Claim*

■■■ In a claim brought pursuant to the ADEA the plaintiff bears the ultimate burden of proving that age was a determinative factor in the employment decision at issue. *Verbraeken v. Westinghouse Electric Corp.,* 881 F.2d 1041, 1045 (11th Cir.1989), *cert. dismissed,* 493 U.S. 1064, 110 S.Ct. 884, 107 L.Ed.2d 1012 (1990). While a plaintiff is not required to show that age was the sole motivating factor, he must prove that age was a pivotal consideration to the employment decision. *O'Donnell v. Georgia Osteopathic Hosp., Inc.,* 748 F.2d 1543, 1549–50 (11th Cir.1984). Consistent with the framework set forth in *Texas Dep't of Community Af-*

*fairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), for employment discrimination litigation, a typical age discrimination case involves three phases: (1) the plaintiff must establish a prima facie case of age discrimination; (2) the burden of *production* then shifts to the defendant to show a legitimate nondiscriminatory reason for the challenged employment action; and (3) the plaintiff, in order to prevail, must present evidence to show that the defendant's proffered reason is merely pretextual. It is critical to realize that the ultimate burden of persuasion, at all times, remains with the plaintiff. *St. Mary's Honor Center v. Hicks,* — U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

■■ There are three methods by which an ADEA plaintiff may establish a prima facie case of age discrimination: by direct evidence of discriminatory intent; by circumstantial evidence of discriminatory intent through the use of the paradigm postulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); or by establishing a pattern of discrimination through the use of statistical evidence. *Hazlewood School District v. United States,* 433 U.S. 299, 307–08, 97 S.Ct. 2736, 2741–42, 53 L.Ed.2d 768 (1977) ("Where gross statistical disparities can be shown, they alone in a proper case constitute prima facie proof of a pattern or practice of discrimination.").

The easiest of these, from a plaintiff's perspective, is the use of direct evidence. Thus, if an employer states, "You are fired because you are too old to work here," the discharged employee may use that statement to establish a prima facie case of age discrimination. "[O]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, ... constitute direct evidence of discrimination." *Earley,* 907 F.2d at 1081 (*quoting, Carter v. City of Miami,* 870 F.2d 578, 582 (11th Cir.1989) (alterations in original)). As there is no allegation of direct evidence in this case, this method of proof does not merit any further discussion.

■■■ The second method of establishing a prima facie case is through the use of

circumstantial evidence as set forth originally in the *McDonnell Douglas* case.[1] The test has been modified somewhat to accurately fit a reduction-in-force situation. In that context, a plaintiff must show: "(1) that he was in a protected age group and was adversely affected by an employment decision; (2) that he was qualified for his current position or to assume another position at the time of discharge or demotion; and (3) evidence by which a fact finder might reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision at issue." *Earley*, 907 F.2d at 1082 (*citing Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir.1987)). To fall within the protected age group, an individual must be at least forty years of age. 29 U.S.C. § 631(a). Note that "[w]here a position is entirely eliminated for nondiscriminatory reasons, for plaintiff to prevail against his employer he must show that he was qualified for another available job with that employer; qualification for his current position is not enough." *Earley*, 907 F.2d at 1083. Particular to context of a reduction-in-force, it must be remembered that an employer is not bound to transfer employees whose jobs are eliminated to other positions within the firm. *Id.* at 1083 (*citing Simpson v. Midland–Ross Corp.*, 823 F.2d 937, 942 n. 6 (6th Cir.1987). In fact, " 'the essence of a [reduction-in-force] is that competent employees who in more prosperous times would continue and flourish at a company may nevertheless have to be fired.' " *Id.* (*quoting Healy v. New York Life Insur. Co.*, 860 F.2d 1209, 1220 (3d Cir.1988), *cert. denied*, 490 U.S. 1098, 109 S.Ct. 2449, 104 L.Ed.2d 1004 (1989)).

The third method by which a plaintiff may establish a prima facie case of age discrimination is through the use of statistical evidence. *Pace v. Southern Ry. Sys.*, 701 F.2d 1383 (11th Cir.), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983). "If a plaintiff seeks to rely on proof of a pattern of discrimination ... he has the burden of presenting such statistical evidence that will, in conjunction with the other [*McDonnell Douglas* ] elements, give rise to an inference of discrimination." *Id.* at 1388.[2] The Eleventh Circuit has held that even if statistics can be used to establish a pattern of discrimination against a class of individuals, the individual plaintiff must still be able to demonstrate that the adverse employment action directed against him was a result of such discrimination. *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1131 (11th Cir.1984) (discussing statistics in Title VII race discrimination claims). "[S]tatistics alone cannot make a case of individual disparate treatment." *Id. See also, Hill v. MARTA*, 841 F.2d 1533, 1540 (11th Cir.), *reh'g granted and opinion amended*, 848 F.2d 1522 (11th Cir.1988) (statistics, in conjunction with specific facts in a given case, may raise an inference of discriminatory intent) (racial disparate treatment claim).

Once the plaintiff has established a prima facie case—regardless of which method is used—the employer/defendant must come forward with a legitimate nondiscriminatory reason to justify the employment decision. This is not a shift in the burden of persuasion but simply requires the employer to present evidence to explain its actions. If successful, the employer defeats the presumption of intentional discrimination created by the prima facie case. *See St. Mary's Honor Center*, —— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Thus, to rebut the plaintiff's prima facie case, the employer need only "produce evidence [that] raises a genuine issue of fact as to whether it discrim-

---

1. The *McDonnell Douglas* test, as formulated in the context of a Title VII hiring claim, requires the plaintiff to show: (1) that he is a member of a protected class; (2) that he applied for and was qualified for a job for which the employer was seeking applicants; (3) that despite his qualifications he was rejected; and, (4) that after his rejection the position remained open and the employer continued to seek applicants of similar qualifications. 411 U.S. at 802, 93 S.Ct. at 1824.

2. A plaintiff may establish part of a prima facie case of age discrimination in cases relying on circumstantial evidence, by showing that older workers are systematically replaced with younger workers, even if the latter are within the protected age group themselves. *Pace*, 701 F.2d at 1388.

inated against the plaintiff." *Burdine,* 450 U.S. at 254–55, 101 S.Ct. at 1094.

Once the presumption of intentional discrimination is defeated, the plaintiff bears the burden of producing evidence to show that the articulated legitimate nondiscriminatory reason is merely a pretext for discrimination. *Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095. "In the context of a summary judgment proceeding, the question is not whether the plaintiff proves pretext, but rather whether the plaintiff raises a genuine issue of fact regarding pretext." *Thornbrough v. Columbus & Greenville R. Co.,* 760 F.2d 633, 646 (5th Cir.1985). Notwithstanding the shift in the burden of production subsequent to the plaintiff's presentation of a prima facie case, the plaintiff retains the ultimate burden of persuasion on the question of whether discrimination occurred. *St. Mary's Honor Center,* —— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

Having established a legal framework in which to analyze the allegation of unlawful age discrimination, the court can now address the specific motion under consideration. Plaintiff contends that he was discriminated against in violation of 29 U.S.C. § 623(a)(1) in that he was laid-off from his position because of his age. To survive a motion for summary judgment, plaintiff must be able to, at the very least, make out a prima facie case. The direct evidence model need not be considered, in that there is no allegation of any direct evidence of discrimination.

Plaintiff does, however, rely on the modified *McDonnell Douglas* model used in reduction-in-force cases. Plaintiff is able to meet the first two criteria: plaintiff was forty-five years of age at the time of the discharge, placing him within the protected class, and plaintiff was qualified for his position at the time and he was qualified to assume other positions. The third element requires the plaintiff to produce evidence from which it might reasonably be concluded that the employer intended to discriminate. Plaintiff is unable to establish this. Plaintiff has not put forth any evidence, either direct or circumstantial, that can support an inference of discriminatory intent. Plaintiff essentially admits as much in his deposition, testifying that he is incapable of articulating why he believes he was discriminated against because of his age. [Plaintiff's Deposition, pp. 40–1]. The fact that plaintiff was dismissed from a job for which he was indisputably qualified is an unfortunate result of a reduction-in-force. It is not however, without more, an indicia of discrimination. Even if plaintiff were able to make out a prima facie case through the use of circumstantial evidence, the defendant has articulated a legitimate nondiscriminatory reason, namely a decision to reduce the size of its workforce. Whether it was an exercise of sound business judgment to make plaintiff part of this reduction is not a matter for the court to adjudicate. As long as the reduction is done without the taint of discrimination, the employer has complied with the law. The production of a legitimate nondiscriminatory reason is all that a defendant is required to do to rebut the presumption raised by a prima facie case. The plaintiff now has the obligation to show that the reason is merely a pretext for discrimination, or else risk the court granting summary judgment in favor of the defendant. In this case, plaintiff has no evidence to support an allegation that the reduction-in-force was used as a facade for age discrimination. The fact that his duties were divided among two younger employees does not, in and of itself, detract from the veracity of the defendant's proffered reason. Defendant explains that plaintiff's job was chosen because its redistribution would prove to be the least disruptive to the business, and plaintiff offers no evidence to suggest otherwise. Because plaintiff is unable to make out a prima facie case and because defendant has an unrefuted legitimate nondiscriminatory reason for the lay-off, summary judgment is appropriate as to the age discrimination count.

Before moving on to the retaliation claim, the plaintiff's statistical arguments warrant some brief attention. As a general proposition, "statistics alone cannot make a case of individual disparate treatment." *Carmichael,* 738 F.2d at 1131. A plaintiff must be able to create an inference that he was a target of actual discrimination in his individual situation. While courts have

allowed statistics coupled with other *McDonnell Douglas* factors to aid in the establishment of a prima facie case, *see, e.g., Pace,* 701 F.2d at 1338, that approach presupposes the ability to meet the *McDonnell Douglas* test, which the plaintiff does not do in this case. Even if plaintiff did have a circumstantial case capable of surviving a summary judgment motion, the unrelated series of incidents which allegedly constitute statistical evidence fall far short of the "gross statistical disparities" contemplated by the Supreme Court in the *Hazlewood* decision. Plaintiff is unable to construct any sort of pattern of discrimination against individuals based on age. Accordingly, the statistical allegations cannot defeat defendant's motion for summary judgment as to the age claim.

### III. *The Retaliation Claim*

The gravamen of plaintiff's retaliation claim is that he was fired from his job in retaliation for his wife's filing of a sex-discrimination charge with the EEOC.

In this context, a claim for retaliatory discharge typically falls within either the "opposition" or "participation" clauses of 42 U.S.C. § 2000e–3. These clauses make it unlawful for an employer to take any adverse employment action against one who either opposes a practice made unlawful by Title VII or participates in an investigatory or similar procedure under Title VII.

■ In order to establish a prima facie case of retaliatory discharge, a plaintiff must show " '(1) statutorily protected expression, (2) adverse employment action, and (3) a causal link between the protected expression and the adverse action.' " *Weaver v. Casa Gallardo, Inc.,* 922 F.2d 1515, 1524 (11th Cir.1991) (*quoting Jones v. Lumberjack*

*Meats, Inc.,* 680 F.2d 98, 101 (11th Cir.1982)). *See also, Doyal v. Marsh,* 777 F.2d 1526, 1534 (11th Cir.1985) (emphasizing the importance of the causal link between the protected activity and the adverse employment action). If a plaintiff is successful in making out a prima facie case, the defendant must then come forth with a legitimate nondiscriminatory explanation for the employment action. *Donnellon v. Fruehauf Corp.,* 794 F.2d 598, 601 (11th Cir.), *reh'g denied,* 800 F.2d 267 (1986). "If the defendant carries this burden of production, the court must inquire whether the stated reason is merely pretextual." *Id.* (*citing Whately v. MARTA,* 632 F.2d 1325, 1328 (5th Cir.1980) (applying the *McDonnell Douglas* framework to a retaliation claim)).

■ The application of the above cited law to the facts of this case shows that plaintiff is unable to make out a prima facie case of retaliatory discharge, and is thus unable to defeat defendant's motion for summary judgment on these grounds. It is clear that plaintiff's wife was engaged in statutorily protected expression in filing her EEOC charge. In a case of an alleged retaliation for participation in a protected activity by a close relative who is a co-employee, the first element of the prima facie case is modified to require the plaintiff to show that the relative was engaged in statutorily protected expression. *See, e.g., Mandia v. ARCO Chemical Co.,* 618 F.Supp. 1248, 1250 (W.D.Pa.1985)[3] It is not disputed that plaintiff suffered an adverse employment action, i.e., termination.

■ Plaintiff fails to meet the prima facie standard, however, in that he offers no facts which create an inference of, much less prove, a causal connection between his wife's

---

3. To modify the prima facie case paradigm for a § 2000e–3 claim as such, presupposes an interpretation of that section which considers retaliation against a third party because of a filing of an employment discrimination claim by a close relative to be a proscribed activity. *See E.E.O.C. v. Ohio Edison Co.,* 7 F.3d 541, 544 (6th Cir.1993) ("We agree with the reasoning … that a plaintiff's allegation of reprisal for a relative's antidiscrimination activities states a claim on which relief can be granted under Title VII."). The

Eleventh Circuit has been willing to construe § 2000e–3 broadly, holding that "[w]hile it is true that the language of a statute should be interpreted according to its ordinary, contemporary, and common meaning … this plain meaning should not be applied to produce a result which is inconsistent with the policies underlying this statute." *Bailey v. USX Corp.,* 850 F.2d 1506, 1509 (11th Cir.1988) (holding that the term "employee" in § 2000e–3 does give former employees standing to sue).

filing of the EEOC charge and his lay-off. The mere presence of a temporal sequence which shows the discharge following the filing of the discrimination claim is, in and of itself, not sufficient to substantiate the requisite causal connection. To consider it otherwise would be a speculative endeavor. *See, e.g., Mandia,* 618 F.Supp. at 1253. Plaintiff's inability to articulate a causal connection is, irrespective of other elements of the prima facie case, fatal to his claim of retaliatory discharge.

Though unnecessary to decide this claim, the court notes that the defendant has offered a legitimate nondiscriminatory reason which has not been shown to be pretextual.

## IV. *The Civil Rights Act of 1991*

Because there is no basis to hold the defendant liable, it is not necessary to consider the plaintiff's argument that the remedial provisions of the Civil Rights Act of 1991 should be applied to this case, other than to note that this issue was settled by the United States Supreme Court in *Landgraf v. USI Film Products,* —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). In *Landgraf,* the Court held that § 102 (the remedial provision) should not apply to cases arising before the Act's passage.

1. The Eleventh Circuit has held that "the decision to grant [a motion for reconsideration] is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Region 8 Forrest Serv. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 806 (11th Cir.1993), *cert. denied,* —— U.S.——, 114 S.Ct. 683, 126 L.Ed.2d 651 (1994) (citations omitted).

2. Plaintiff offered no direct evidence, and thus sought to establish a prima facie case based on circumstantial evidence. To succeed, plaintiff must demonstrate: "(1) that he was in a protected age group and was adversely affected by an employment decision; (2) that he was qualified for his current position or to assume another position at the time of discharge or demotion; and (3) evidence by which a fact finder might reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision at issue." *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1082 (11th Cir.1990) (*citing Barnes v. Southwest Forest Indus., Inc.,* 814 F.2d 607, 609 (11th Cir.1987)). The court found

## V. *Conclusion*

In light of the discussion of law and fact above, this court concludes that the defendant's motion for summary judgment [11–1] should be GRANTED. Judgment shall be entered in favor of the defendant.

## ORDER ON RECONSIDERATION

O'KELLEY, Chief Judge.

The captioned case is before the court on plaintiff's motion for reconsideration of the court's order granting summary judgment in favor of defendant [23–1].

Plaintiff filed this motion on September 12, 1994, asking the court to reconsider [1] in part its order of August 29, 1994, which granted summary judgment in favor of defendants [20–1]. That order concluded that plaintiff was unable to establish the requisite prima facie case in his Age Discrimination in Employment Act (ADEA) claim to withstand a motion for summary judgment.[2] The order further concluded that assuming, *arguendo,* that plaintiff could establish a prima facie case, the defendant had articulated a legitimate nondiscriminatory reason [3] which the plaintiff could not show to be a pretext for age discrimination.[4] Lastly, as to the ADEA claim, the court found that plaintiff could not substantiate his claim of disparate treatment

that plaintiff was unable to meet the third prong of this test. Order at 9–10.

3. The defendant maintains that the termination of plaintiff's employment was the result of a reduction-in-force. Order at 10. As noted in the court's order, an employer is not legally bound to provide alternative employment for an employee whose position is eliminated through a reduction-in-force. *Earley,* 907 F.2d at 1083 (*citing Simpson v. Midland–Ross Corp.,* 823 F.2d 937, 942 n. 6 (6th Cir.1987)). In this context, the employer's responsibility is not to discharge any employee for an unlawful reason.

4. It is important to emphasize that the employer-defendant has only a burden of *production* in regard to coming forth with a legitimate nondiscriminatory explanation for the employment decision at issue. If successful, the burden shifts back to the employee-plaintiff to show that this reason is merely pretextual. The ultimate burden of persuasion, though, at all times, remains with the employee-plaintiff. *See St. Mary's Honor Center v. Hicks,* —— U.S.——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

based on age with statistical evidence.[5] The order also concluded that plaintiff could not establish a prima facie claim of retaliatory discharge, the second basis of plaintiff's lawsuit, in that he could not show any causal relationship between protected activity and the adverse employment action. Plaintiff, however, has limited his motion for reconsideration to the judgment on the ADEA claim. Defendant filed a response in opposition to the pending motion on September 14, 1994 [24–1].

Plaintiff's motion states that subsequent to his discharge, his former duties were divided between two younger employees. This fact is uncontested and has no bearing on the court's earlier decision which considered this information. Order at 1–2. Plaintiff also argues that, pursuant to a collective bargaining agreement and past practices of defendant, he had a right to be placed in an hourly position. However, plaintiff has failed to identify any evidence in the record before this court which would establish a contractual right for plaintiff—following termination from a supervisor's position—to be guaranteed an offer of an hourly production worker job. Accordingly, in terms of the facts of this case, the court finds no basis to reconsider its August 29 order.

■ Plaintiff also questions the court's legal conclusions as to the ADEA claim. Plaintiff does not dispute the analytical framework used by the court, but rather takes issue with the conclusions reached through this process. These arguments are not persuasive. Plaintiff essentially reiterates selected items of circumstantial evidence which were part of the record considered by the court in ruling on the summary judgment motion. No new evidence is offered which casts doubt upon the conclusion that plaintiff is unable to put forth evidence from which the trier of fact could reasonably conclude that the employer intended to discriminate. Similarly, no new evidence is presented to suggest that the employer-defendant's legitimate nondiscriminatory reason is a pretext for age discrimination. Neither

plaintiff's qualification for the job from which he was laid off nor defendant's failure to offer a new position, delegitimize the validity of a reduction-in-force as the basis for eliminating plaintiff's job. Additionally, the court remains convinced that not only does the proffered statistical evidence fall short of the "gross statistical disparities" contemplated by the Supreme Court in *Hazlewood School District v. United States,* 433 U.S. 299, 307–08, 97 S.Ct. 2736, 2741, 53 L.Ed.2d 768 (1977), but that even if plaintiff could demonstrate a statistical pattern of discrimination, he could not make the requisite showing that the adverse action directed against him was motivated by such discrimination. *See Carmichael v. Birmingham Saw Works,* 738 F.2d 1126, 1131 (11th Cir.1984). In short, plaintiff's inability to present new evidence or to effectively challenge the legal basis of the court's order is fatal to his motion for reconsideration.

Though not necessary to reach a decision on this motion, it is important to briefly address the case of *Corbin v. Southland Int'l Trucks,* 25 F.3d 1545 (11th Cir.1994), which plaintiff relies upon in arguing his motion. Plaintiff's reliance on *Corbin* is misplaced. While *Corbin* did involve the discharge of a member of a protected class, it did not occur in the context of a reduction-in-force. Instead, the plaintiff's discharge was precipitated by his alleged uncooperative behavior concerning a newly instituted production system. Procedurally, the Eleventh Circuit reversed the district court's decision to grant summary judgment because the appellate court found that the plaintiff had come forth with enough evidence to create a genuine issue of material fact as to whether the employer's proffered nondiscriminatory reason was pretextual. *Id.* at 1550. In *Corbin,* however, there was evidence that a younger employee had engaged in identical behavior and was not terminated, and that the younger employee was given an opportunity to modify his conduct. *Id.* There was also evidence that one of plaintiff's superiors stated, "At your age you cannot produce like you once

---

5. The court recognized that statistics coupled with other factors can aid in the establishment of a prima facie case, but that such a case presup-

poses the ability to meet those other factors which this plaintiff can not do.

944

could, and we are going to have to make some kind of adjustment." *Id.* at 1549. It is apparent in reviewing the *Corbin* decision that plaintiff's assertion that the case is factually comparable to the case at bar is erroneous. The evidence in *Corbin* suggesting the possibility of age discrimination was far greater than that existing in this case. Insofar as the legal premise of *Corbin* is concerned, the court agrees that its holding is instructive, but recognizes that it is far from a case of first impression. The Eleventh Circuit applied the same law in reviewing *Corbin* that this court used in granting the defendant's summary judgment motion; the difference in result is attributable to a genuine issue of material fact in dispute in *Corbin,* whereas such dispute is lacking here.

After careful consideration it is hereby ordered that plaintiff's motion for reconsideration of the court's order granting summary judgment in favor of defendant is DENIED [23–1].

IT IS SO ORDERED.