Leo CORBIN, Plaintiff–Appellant,

v.

SOUTHLAND INTERNATIONAL TRUCKS, Defendant–Appellee.

No. 92–6871.

United States Court of Appeals, Eleventh Circuit.

July 15, 1994.

---

1546

James Mendelsohn, Gordon, Silberman, Wiggins & Childs, P.C., Birmingham, AL, for plaintiff-appellant.

John R. Frawley, Jr., Irondale, AL, for defendant-appellee.

Before BIRCH, Circuit Judge, CLARK, Senior Circuit Judge, and HOEVELER *, Senior District Judge.

CLARK, Senior Circuit Judge:

Plaintiff-appellant Leo Corbin brought this action against his former employer, Southland International Trucks, Inc. ("Southland"), alleging that Southland had terminated his employment because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* The district court granted Southland's motion for summary judgment, and Corbin appealed. We conclude that the district court's grant of

* Honorable William M. Hoeveler, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

summary judgment was erroneous because there remain disputed issues of material fact. Accordingly, we reverse.

## FACTS

From March 4, 1985, to January 29, 1990, Corbin worked as a diesel mechanic in Southland's service department in Birmingham, Alabama. Corbin's immediate supervisor was Billy Cassell. Cassell reported to Paul Wallace. In September 1987, nearly two and one-half years before his termination, Wallace and Cassell met with Corbin and Tom Cannon, another mechanic in the Birmingham service department, regarding Corbin's and Cannon's attitudes towards the implementation of new programs. Wallace's memorandum memorializing the meeting indicates that both Corbin and Cannon had expressed reservations regarding the new programs but that, after discussions with their supervisors, they agreed to support the programs.

Approximately two and one-half years later, Wallace sought to implement in the service department another new program, known as the group production system. In January 1990, sometime before the 29th of that month, Wallace and Cassell met first with Corbin and then with Cannon to discuss the mechanics' attitudes regarding this new program. Wallace's memoranda memorializing these two meetings indicates that the supervisors explained the group production system to Corbin and Cannon and then asked the mechanics to stop talking to other employees. Specifically, the memorandum regarding the meeting with Corbin reads: "We asked that he quit talking to other technicians on the above subjects."[1] The memorandum regarding the meeting with Cannon reads: "We asked Cannon not to stop and talk with other technician [sic] unless he was actually helping them on the job they are on."[2]

Several days later, on January 29, 1990, Wallace and Cassell again conducted meetings with Corbin and Cannon. Wallace's memorandum memorializing the meeting with Corbin reads:

> Leo's attitude towards the group production system and talk with other technicians on the pay raises and incentive program, in short, his general bad attitude towards management and work place requires me to terminate his employment with Southland International Trucks, Inc.

> The discussion between Corbin, Billy Cassell and myself was short and to the point. I asked that he take his tool box elsewhere. He asked if it was because of his comebacks. I replied that the decision was not base [sic] on one occurance [sic].[3]

Corbin was terminated. He was 58 years old at the time. Wallace's memorandum memorializing the January 29, 1990, meeting with Cannon reads:

> Billy Cassell and myself met with Tom Cannon on his attitude in the shop and habit of talking to other employees on numerous occasions during the work day.

> Tom said that he would stop the practice.[4]

Cannon was not terminated. He was 53 years old at the time.

In support of its motion for summary judgment, Southland filed the affidavit of Paul Wallace, in which he attests:

> [T]he two employees most opposed to the change that we were seeking to implement were Leo Corbin and Tom Cannon. After speaking with both employees and explaining the situation to them, Tom Cannon agreed to support the changes and cooperate with management while Leo Corbin refused to modify his position in any regard and constantly remained the source of unrest in our shop.[5]

Corbin filed a counter-affidavit, attesting: "I agreed to support all programs, and I did support all programs."[6] Corbin further attests that he was the oldest employee in the service department and that:

---

1. R–6 Plaintiff's Exh. 4.

2. R–6 Plaintiff's Exh. 5.

3. R–6 Plaintiff's Exh. 6.

4. R–6 Plaintiff's Exh. 7.

5. R–6 Exh. D.

6. R–10 at ¶ 13.

On at least four or five occasions during my employment with International, Mr. Wallace criticized me with words to the effect, "At your age you cannot produce like you once could, and we are going to have make [sic] some kind of adjustment."[7]

Attached to Southland's motion for summary judgment are two lists of Southland's employees. The first lists employees as of January 1, 1990, several days before Corbin was terminated. The second lists employees as of January 1, 1991, a year later. The first list shows eighteen mechanics, including Corbin and Cannon, in Southland's Birmingham location; the list confirms that Corbin was the oldest of these eighteen mechanics. The second list also shows eighteen mechanics in the Birmingham location. A comparison of the two lists indicates that six of the eighteen mechanics on the first list, including Corbin, ceased their employment with Southland in 1990 and that six new mechanics were hired in 1990. Five of these six new mechanics were between the ages of 17 and 32. The sixth was a year and a half younger than Corbin. Notwithstanding that, in the space of a year, six mechanics, including Corbin, left Southland and six new mechanics were hired, Wallace testified at his deposition that "nobody" replaced Corbin.[8] When Cassell was asked at his deposition who replaced Corbin, he said:

I don't remember. As far as I know, no one. I don't keep track of somebody actually replacing somebody. I'm sure there are several people come and gone since then.[9]

7. *Id.* at ¶ 10.

8. R–8 Attach.

9. *Id.*

10. In setting out the facts, the district court stated that the first meeting that Wallace and Cassell had with Corbin and Cannon took place in September of 1989. R–11–3. This finding is clearly erroneous. Wallace's memorandum memorializing the meeting is dated September 1987, *not* September 1989. There is nothing in the record to indicate that any meeting took place in September 1989.

11. Brief of Appellee at 5–6.

Having before it the information set out above, the district court granted Southland's motion for summary judgment. After setting out the facts,[10] the district court concluded that Corbin had failed to make out a prima facie case of age discrimination because he had failed to prove that he was replaced. Alternatively, the district court held that, even if Corbin had established a prima facie case, Southland had articulated a legitimate, nondiscriminatory reason for Corbin's discharge, and Corbin had failed to establish that this reason was a pretext.

## DISCUSSION

In its appellate brief, Southland makes the following argument in support of its position that this court should affirm the district court's grant of summary judgment:

At this point there's a dispute in the evidence and the Trial Judge is faced with having to believe one party or the other. Based on the preponderance of the evidence submitted, the Trial Judge chose to believe the Defendant's witness.... This is what Rule 56 is all about.[11]

This argument manifests a fundamental misunderstanding of Fed.R.Civ.P. 56. If the district court judge is "faced with having to believe one party or the other" as to an issue of material fact, summary judgment is not appropriate.[12]

A plaintiff may establish a prima facie case of age discrimination in one of three ways: (1) with direct evidence, (2) with circumstantial evidence, or (3) with statistical evidence.[13] We are concerned here only with circumstantial evidence.[14]

12. *See Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir.1987) (reversing district court's grant of defendant's motion for summary judgment because, in granting motion, district court "strayed from its proper role and made credibility determinations").

13. *Alphin v. Sears, Roebuck & Co.*, 940 F.2d 1497, 1500 (11th Cir.1991).

14. Corbin argues that Wallace's statements, "At your age you cannot produce like you once could ...," constitute direct evidence of age discrimination. Corbin's affidavit does not indicate exactly when or under what circumstances these statements were made. Because we hold that

In cases based on circumstantial evidence, a plaintiff who has been terminated from his employment may establish a prima facie case of age discrimination by showing (1) that he was in a protected age group at the time of his termination, (2) that he was qualified for his current position at the time of his termination, and (3) evidence from which a fact finder could reasonably conclude that the employer intended to discriminate on the basis of age.[15] Only the third prong is at issue in this case. Plaintiffs commonly seek to satisfy this third prong by proving that the employer replaced them with a younger employee. Unlike race and sex discrimination cases, the plaintiff in an age discrimination need not necessarily prove that his replacement was outside the protected class, that is, under forty years of age. The plaintiff in an age discrimination case may establish a prima facie case merely by establishing that his replacement was younger than he, provided that the discrepancy between the ages, along with any other relevant evidence, is sufficient that a fact finder could reasonably infer age discrimination.[16]

In this case, the district court concluded that Corbin had failed to establish a prima facie case of discrimination because he did not prove that he was replaced. In so concluding, the district court failed to consider the circumstantial evidence in the two employee lists. These lists establish that six mechanics, including Corbin, left their employment with Southland in 1990 and that six new mechanics were hired in 1990. Five of these six new mechanics were under 33 years of age, well outside of the protected class, and the sixth was younger than Corbin. This evidence is sufficient for a fact finder to reasonably conclude that Corbin was replaced by a younger employee.[17]

Moreover, Corbin presented additional evidence from which a discriminatory intent could be inferred. Specifically, there are Wallace's statements to Corbin: "At your age you cannot produce like you once could, and we are going to have make some kind of adjustment." The district court characterized Wallace's statements as "neutral observations"[18] and failed to consider them as circumstantial evidence of discrimination. This was error. As the Supreme Court has said:

> It is the very essence of age discrimination for an older employee to be fired because the employer believes that productivity and competence decline with old age.[19]

Even if Wallace's statements are not direct evidence of discrimination,[20] they are circumstantial evidence from which discriminatory intent may be inferred.[21] Accordingly, we conclude that Corbin established a prima facie case of age discrimination.

---

Corbin presented sufficient circumstantial evidence to defeat Southland's motion for summary judgment, we need not and do not decide whether and under what circumstances such statements would constitute direct evidence.

**15.** *Alphin,* 940 F.2d at 1501.

**16.** *See Carter v. City of Miami,* 870 F.2d 578, 583 (11th Cir.1989) (49 year old plaintiff whose replacement was 46 years old established prima facie case of age discrimination); *Goldstein v. Manhattan Industries, Inc.,* 758 F.2d 1435, 1444 (11th Cir.) (60 year old plaintiff whose replacement was 46 years old established prima facie case of age discrimination), *cert. denied,* 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985); *see also Baker v. Sears, Roebuck & Co.,* 903 F.2d 1515, 1519 (11th Cir.1990) (holding that plaintiff had satisfied replacement prong of prima facie case, the district court, in an order appearing as an appendix to our court's decision, stated: "Unlike race discrimination cases where membership within a protected group is measured dichotomously, membership is a matter of degree with age discrimination.")

**17.** *See Rollins,* 833 F.2d at 1529 (summary judgment for the employer reversed where plaintiff "articulated specific facts from which one could infer that [the employer] actually replaced her").

**18.** R–11–6.

**19.** *Hazen Paper Co. v. Biggins,* —— U.S. ——, ——, 113 S.Ct. 1701, 1706, 123 L.Ed.2d 338 (1993).

**20.** *See* note 14.

**21.** *See Alphin,* 940 F.2d at 1501 ("remark that [plaintiff] was 'too old,' although ambiguous, certainly supports a showing of discriminatory intent if we interpret the remark in the light most favorable to [plaintiff]").

Presentation of a prima facie case by a plaintiff raises a rebuttable inference of discrimination and shifts the burden to the employer to respond with a legitimate, nondiscriminatory reason for terminating the plaintiff.[22] Here, Southland presented a legitimate, nondiscriminatory reason for terminating Corbin: his uncooperative attitude regarding the new group production system. At the summary judgment stage, once an employer articulates a legitimate, nondiscriminatory reason for the discharge, the burden shifts back to the plaintiff to raise a genuine factual question as to whether the stated reason is mere pretext.[23] The plaintiff may prove pretext either by showing that a discriminatory reason more likely motivated the employer or by showing that the employer's proffered explanation is unworthy of credence.[24]

To show pretext, Corbin presented evidence that he and Cannon engaged in the same conduct, exhibiting a bad attitude regarding the group production system, and he was terminated but Cannon was not. The district court held that this evidence could not prove pretext because Cannon, who was 53 years old at the time, was within the protected class. In so holding, the district court failed to consider that Cannon was five years younger than Corbin. Age discrimination can occur between two members of a protected class.[25] Thus, Southland's decision to terminate Corbin, who was 58, but retain Cannon, who was 53, is at least some evidence of pretext. Moreover, Wallace's own contemporaneous memoranda do not support his subsequent explanation of the disparate treatment. In his affidavit, Wallace attests that Cannon and Corbin were treated differently because Cannon "agreed to support the changes" while Corbin "refused to modify his position" with respect to the new programs.[26] Wallace's memorandum of January 29, 1990, regarding his meeting with Cannon does indicate that Cannon "said that he would stop the practice."[27] Wallace's memorandum of the same date regarding Corbin, however, indicates that the meeting with Corbin was "short and to the point."[28] This language at least implies that Corbin was not given an opportunity either to agree to support the changes, as Cannon did, or to refuse to modify his position. Accordingly, we hold that the evidence of Southland's treatment of Cannon, along with the other evidence presented by Corbin, is sufficient to create a genuine issue of material fact as to whether Southland's stated reason for terminating Corbin was pretextual.

## CONCLUSION

For the reasons explained above, the district court's order granting Southland's motion for summary judgment is REVERSED and the case is REMANDED for further proceedings.

---

22. *Carter*, 870 F.2d at 584.

23. *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 920 (11th Cir.1993).

24. *Id.*

25. *See* cases cited in note 16; *see also Kralman v. Illinois Department of Veterans' Affairs*, 23 F.3d 150 (7th Cir.1994) ("Indeed, it is considered 'hornbook law' that the ADEA action can be based on discrimination between older and younger members of the protected class.").

26. R–6 Exh. D.

27. R–6 Plaintiff's Exh. 7.

28. R–6 Plaintiff's Exh. 6.