**Franklin LAMB, Plaintiff,**

v.

**Marvin T. RUNYON, Postmaster, General, United States Postal Service, in his official capacity, Defendant.**

**Civil Action No. 95–D–24–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 14, 1995.

Gary Eugene Atchison, Montgomery, AL, for plaintiff.

Redding Pitt, U.S. Attorney, Artur G. Davis, Montgomery, AL, Sandra W. Bowens, U.S. Postal Service, Memphis, TN, for defendant.

## *MEMORANDUM OPINION*

DE MENT, District Judge.

Before the court is defendant Marvin T. Runyon's (hereafter "Postmaster Runyon") motion for summary judgment filed June 26, 1995. Postmaster Runyon contemporaneously filed a brief and tendered evidence in support of his motion. The plaintiff, Franklin Lamb (hereafter "Mr. Lamb"), responded in opposition on September 11, 1995. In this action, Mr. Lamb seeks redress under the Age Discrimination in Employment Act (hereafter "ADEA"), 29 U.S.C. § 621 *et seq.* After careful consideration of the relevant case law, the arguments of counsel, and the record as a whole, the court finds that Postmaster Runyon's motion is due to be granted.

## JURISDICTION AND VENUE

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction),[1] as the plaintiff alleges a violation of the ADEA, 29 U.S.C. § 621 *et seq.*[2] The parties do not contest personal jurisdiction or venue.

1. Under 28 U.S.C. § 1331, the federal district courts have "original jurisdiction of all civil actions arising under the ... laws ... of the United States."

## SUMMARY JUDGMENT STANDARD

■ On a motion for summary judgment, the court is to construe the evidence and factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has stated:

> [T]he plain language of Rule 56© mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

■ In further elaboration on the summary judgment standard, the court has said that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986) (citations omitted). Summary judgment, however, is improper "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510; *see Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

2. The plaintiff has invoked the court's jurisdiction, by timely filing this judicial action within ninety days of receiving his right-to-sue letter from the Appeals Processing Center, United States Postal Service.

## FINDINGS OF FACT

Viewing the evidence in the light most favorable to Mr. Lamb, the court considers the following facts controlling in this case:

Mr. Lamb commenced this action on January 6, 1995, alleging a violation of the ADEA, 29 U.S.C. § 621 *et seq.* Mr. Lamb asserts that the United States Postal Service discriminated against him based on his age when it failed to promote him to a supervisory position in June 1992 and instead promoted a younger employee. Mr. Lamb was sixty-one years old at the time the promotion was filled in June 1992.

Mr. Lamb was employed as an electronics technician at the General Mail Facility (hereafter "GMF") in Montgomery, Alabama. In May 1992, he applied for a job as a maintenance supervisor or MPE EAS-16. Two other applicants, Michael Walsh and Jesse Tate (hereafter "Mr. Walsh" and "Mr. Tate"), also applied for the position, and like Mr. Lamb, they too were electronics technicians at the GMF. *See* Def.'s Mot.Summ.J., Attach. 1. The applications filled out by the three candidates and their respective leave records for the previous year were forwarded to the manager for plant maintenance at the GMF, Charles Evans (hereafter "Mr. Evans"). On June 4, 1992, Mr. Evans interviewed all three candidates for the position. A day later, Mr. Evans notified the candidates that he had selected Mr. Tate as the maintenance supervisor. Def.'s Mot. Summ.J., Attach. 2.

Mr. Tate, who has since died, was 39 years old at the time of his selection. Upon Mr. Tate's death, Mr. Lamb was again passed over for the position of maintenance supervisor, which was given to Walter Collins, who then was in his early sixties. At the time his second application was rejected, Mr. Lamb had a complaint against the United States Postal Service pending before the Equal Opportunity Employment Commission (hereafter "EEOC"). Aff. of Lamb; Depo. of Evans at 23–25.

On July 26, 1994, the EEOC conducted a hearing on the merits of Mr. Lamb's age discrimination claim. At the hearing, Mr. Evans stated that, based on his personal knowledge of the three candidates, Mr. Tate was the most dependable and reliable. EEOC Admin.Test. of Evans at 72, lines 1–3. Mr. Evans also contended that Mr. Tate's experience in operating mail processing equipment distinguished him from the other candidates, as did his refusal to take a single day of sick leave during the 1990–91 fiscal year. *Id.* at 78, lines 16–23, 79, lines 1–23, and 80, lines 1–5; Def.'s Mot.Summ.J., Attach. 3 (sick leave analysis of Mr. Tate). Mr. Evans further testified that he was unimpressed with Mr. Lamb's candidacy, because in contrast to Mr. Tate, Mr. Lamb had not received training on all the available mail processing equipment, and he had taken seventeen sick leave days during the 1990–91 fiscal year. Admin.Test. of Evans at 80, lines 2–5; Def.'s Mot.Summ.J., Attach. 4 (sick leave analysis of Mr. Lamb).

On the other hand, Mr. Lamb contended that the reasons given by Mr. Evans for denying him the promotion were merely pretextual. Mr. Lamb claimed that the real reason he was denied the promotion was due to his age.

After the hearing, the EEOC administrative judge found that Mr. Lamb had not been the victim of age discrimination. The EEOC upheld the decision, and thereafter, this lawsuit ensued.[3]

## DISCUSSION

In seeking summary judgment, Postmaster Runyon contends that even assuming Mr. Lamb establishes a prima facie case of age discrimination, Postmaster Runyon has articulated a legitimate, nondiscriminatory reason for not promoting Mr. Lamb, which Mr. Lamb has failed to rebut. Postmaster Runyon also contends that attorneys' fees are not available against the federal government under the ADEA. Since the latter contention is dispositive of this case, the court need not

---

**3.** Mr. Lamb also raised a race discrimination claim at the EEOC hearing but did not assert this claim in federal court.

address whether attorneys' fees are available against the federal government.

■ In an action alleging disparate treatment under the ADEA, a plaintiff must prove an intentional discriminatory motive by presenting either direct or circumstantial evidence of age discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 520–21, 113 S.Ct. 2742, 2754, 125 L.Ed.2d 407 (1993); *see e.g., Lee v. Russell County Bd. of Educ.*, 684 F.2d 769, 771–72 (11th Cir.1982). Essentially, "[a] plaintiff may establish a prima facie case of age discrimination in one of three ways: (1) with direct evidence, (2) with circumstantial evidence, or (3) with statistical evidence." *Corbin v. Southland Int'l Trucks*, 25 F.3d 1545, 1548 (11th Cir.1994) (citing *Alphin v. Sears, Roebuck & Co.*, 940 F.2d 1497, 1500 (11th Cir.1991)). Absent direct or statistical evidence, as is the case here, a plaintiff can establish intentional discrimination under a variation of the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)[4] and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

■ Under this framework, Mr. Lamb must first raise an inference of discrimination by establishing a prima facie case. *Batey v. Stone*, 24 F.3d 1330, 1333 (11th Cir.1994) (citation omitted). Prima facie proof of age discrimination in promotion cases requires Mr. Lamb to show: (1) that he belongs to a protected group; (2) that he applied for and was qualified for the position for which the employer was seeking applicants; (3) that he was denied the promotion; and (4) that another equally or less qualified individual outside the protected class received the promotion. *Batey*, 24 F.3d at 1334 n. 11 (*citing Wu v. Thomas*, 847 F.2d 1480, 1483 (11th Cir.1988), *cert. denied*, 490 U.S. 1006, 109

S.Ct. 1641, 104 L.Ed.2d 156 (1989)); *see Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir.1990).

■ Under the ADEA, as opposed to Title VII race and sex claims, Mr. Lamb does not necessarily have to show that the employer filled the position with someone outside the protected age group. As explained in *Corbin, supra:* "The plaintiff in an age discrimination case may establish a prima facie case merely by establishing that his replacement was younger than he [but over forty years old], provided that the discrepancy between the ages, along with any other relevant evidence, is sufficient that a fact finder could reasonably infer age discrimination." *Id.* at 1549 (brackets added).

■ It is undisputed that Mr. Lamb is a member of a protected group (i.e., over the age of forty) and that he applied for, and was refused, the position of maintenance supervisor in the United States Postal Service. Furthermore, in construing the factual inferences in favor of Mr. Lamb, the court finds that Mr. Lamb has met his burden of showing that he was at least as qualified as Mr. Tate.[5] For instance, prior to the interviewing process, Mr. Lamb had accumulated several times the amount of 204–B supervisory experience than Mr. Tate had acquired. EEOC Admin.Test. at 94. Specifically, Mr. Tate had only acquired fifteen days experience in March and May of 1992 as a 204–B supervisor, whereas Mr. Lamb had completed fifty-seven days as a 204–B supervisor. The evidence also reveals that Mr. Lamb and Mr. Tate had a comparable history of postal courses. Aff. of Lamb at ¶ 8. Furthermore, Mr. Lamb had six more years experience than Mr. Tate in satisfactorily repairing postal machines as an electronics technician or ET 9. Aff. of Lamb at ¶ 5.

---

4. While *McDonnell Douglas* involved a discrimination claim under Title VII, a variant of its analysis applies to claims under the ADEA as well. *Alphin v. Sears, Roebuck & Co.*, 940 F.2d 1497, 1500 (11th Cir.1991) (*citing Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir.1990)); *see also Corbin v. Southland Int'l Trucks*, 25 F.3d 1545, 1549 (11th Cir.1994).

5. At this juncture, the court construes the evidence and factual inferences arising therefrom in

the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Moreover, the court's function at this point is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

Aside from his postal training, Mr. Lamb received an associate degree in maintenance technology, heating and air conditioning from John Patterson Technical College. Further, he has served approximately twenty-two years in the military, wherein for approximately nine years of this time, he concentrated in electronics by taking numerous electronics courses. Also, while in the military, he served approximately twelve years as a supervisor, having taken several military courses necessary for supervisors.

As a result of the foregoing analysis, the court finds that Mr. Lamb has established a prima facie case of age discrimination in the denial of a promotion. Accordingly, the burden now shifts to Postmaster Runyon to "articulate some legitimate, nondiscriminatory reason" for his decision not to promote Mr. Lamb. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824.

■ Here, the court finds that Postmaster Runyon has rebutted the inference of discrimination by asserting that Mr. Lamb was not the most qualified applicant under the United States Postal Service's system of selecting applicants for job openings.[6] That is, the court finds that the higher evaluation rating of Mr. Tate, who was offered the job, as compared to Mr. Lamb's is sufficient to satisfy Postmaster Runyon's "exceedingly light" burden.[7] *Perryman v. Johnson Products Co., Inc.*, 698 F.2d 1138, 1142 (11th Cir.1983).

■ Once the defendant satisfies its burden of production, the *McDonnell Douglas* framework, with its presumptions and burdens, drops out of the case, and the only inquiry becomes "whether [the] plaintiff has proven 'that the employer intentionally discriminated against' him because of his [age]." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993). As already stated, Postmaster Runyon's articulated, legitimate reason is

that the job was offered to an employee who was more qualified than Mr. Lamb. As revealed in his response to the motion for summary judgment, Mr. Lamb disagrees and believes that the reasons given for his denial of promotion are unworthy of credence.

In fact, Mr. Lamb claims that the Supreme Court of the United States in *St. Mary's* permits the trier of fact to infer intentional discrimination upon the rejection of the defendant's proffered reasons. Pl.'s Mem. in Resp.Mot. for Summ.J. As a result, Mr. Lamb concludes that the evidence presented by him demonstrates that Mr. Evan's explanations given for the denial of promotion are false and, thus, are sufficient to establish pretext and avoid summary judgment.

*St. Mary's* slightly modified the Title VII disparate treatment framework. Previously, a plaintiff could satisfy his or her Title VII burden of proof "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of belief." *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095; *see Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1529 (11th Cir.1992) (plaintiff satisfied burden by showing that employer's reasons were unworthy of credence); *Caban–Wheeler v. Elsea*, 904 F.2d 1549, 1554 (11th Cir.1990) (same). In other words, "the falsity of the employer's explanation [was] *alone enough* to compel judgment for the plaintiff." *St. Mary's*, 509 U.S. at 517, 113 S.Ct. at 2752 (emphasis supplied). In *St. Mary's*, however, the Supreme Court of the United States ruled that if "the defendant has succeeded in carrying its burden of production, the *McDonnell Douglas* framework—with its presumptions and burdens— is no longer relevant." *Id.* at 510, 113 S.Ct. at 2749. Instead, the only inquiry becomes "whether [the] plaintiff has proven 'that the defendant intentionally discriminated against

---

6. The court notes that Mr. Evans stated that he considered factors such as dependability, reliability, training, job performance and sick leave when selecting the best qualified candidate for the promotion. Mr. Evans related dependability and reliability to an applicant's ability to report to work on a regular basis and to perform effec-

tively once he is on duty. *See* EEOC Admin.Test. of Evans at 75, lines 3–20.

7. The court stresses that "the defendant must merely proffer [non-age] based reasons, not prove them." *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1019 (11th Cir.1994).

[him]' because of his [age]." *Id.* (quoting *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093–94).

Thus, Mr. Lamb must show *"both* that the reason was false, *and* that discrimination was the real reason" ... and "it is not enough ... to disbelieve the employer...." *Id.* at 511 n. 4, 113 S.Ct. at 2749 n. 4 (emphasis supplied). Moreover, age must be "a determinative factor in the employer's decision, though it need not have been the sole factor." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir.1987); *see also Monroe v. United Air Lines, Inc.*, 736 F.2d 394, 402 (7th Cir.1984), *cert. denied*, 470 U.S. 1004, 105 S.Ct. 1356, 1357, 84 L.Ed.2d 378 (1985) (circuit approval for "a determining factor" jury instruction); *Cuddy v. Carmen*, 694 F.2d 853, 857–58 (D.C.Cir.1982), *cert. denied*, 474 U.S. 1034, 106 S.Ct. 597, 88 L.Ed.2d 576 (1985) (Plaintiff must "show by a preponderance of the evidence that age was 'a determining factor' in the employer's decision" or that age "made a difference.").

The court finds that Mr. Lamb has presented substantial evidence that Mr. Evans' reasons were false. However, Mr. Lamb has not presented any evidence that the articulated reason for Mr. Evans' failure to promote him is actually a cover-up for age discrimination. Mr. Lamb sets forth the following evidence to support an inference of discrimination: First, on or about October 7, 1992, Mr. Lamb became aware of a statement by Mr. Evans, which James Rowe, another postal employee, said was made in the men's bathroom regarding Mr. Lamb's interview with Mr. Evans. Depo. of Rowe at 8–9. Specifically, the statement, which referred to a conversation between Mr. Lamb and Mr. Evans during the interview process, contained the following language: "I asked Frank Lamb why he wanted to be a supervisor and he told me he was going to retire. This was the first thing out of his mouth and it cooked his goose." *Id.* When confronted at the EEOC hearing with the allegations of said statement, Mr. Evans admitted that he may have made the statement.

The conversation to which the above-mentioned statement referred was summarized by Mr. Lamb in his deposition as follows:

[w]hen he asked me ... why I wanted the job, I told him at some time in the future I would be retiring and it would increase my high three average and give me a better retirement. I also told him that I was well qualified and I could do the job well.

Depo. of Lamb at 55. Mr. Lamb clarified the above statements in admitting that he was seeking the position of maintenance supervisor partly because he wanted to enhance his retirement prospects—i.e., improving his high three average. *Id.* at 55–56. However, Mr. Lamb stated that this was not the main reason he wanted the job. *Id.*

In explaining the high three average, Mr. Lamb stated "[t]he high three is the top three years of salary averaged out for your retirement. For example, if your high three was thirty thousand dollars, you'd get so much percentage of your high three depending upon the amount of the time you spent in the postal service." *Id.* at 56.

Second, Mr. Lamb also presents evidence that during the year of his non-selection, Mr. Evans was aware that retirement was only available to older employees, unless there was an intervening disability retirement. EEOC Admin.Test. at 114–15. Moreover, Mr. Evans was also aware that, at the time of the interview, Mr. Tate was in his late thirties and Mr. Lamb was in his early sixties. Mr. Lamb contends that he never informed Mr. Evans that he was considering medical retirement, but instead merely told Mr. Evans, at the interview, that he was planning on his standard retirement.

Last, Mr. Lamb points to the fact that according to Mr. Evans, none of the three men interviewed tried to "sell himself." *Id.* at 112. Mr. Tate, who was awarded said job had responded that "he enjoyed it" and "he liked the challenge." *Id.* at 111.

At this stage of the proceedings, the court assumes that Mr. Evans' decision not to promote Mr. Lamb but to hire Mr. Tate was motivated by Mr. Lamb's remarks concerning retirement. In fact, Mr. Evans admitted in his EEOC testimony that Mr. Lamb's comments were troubling because they revealed a poor motivation for advancement. EEOC Admin.Test. of Evans at 111, lines

14–16. Mr. Evans further noted that Mr. Lamb's motivation for seeking the job sharply contrasted with Mr. Tate's reason for wanting it, as Mr. Tate's stated reason was "[t]hat he enjoyed [a supervisory role] and he liked the challenge." *Id.*

The court finds that the comments attributable to Mr. Evans are not directed toward Mr. Lamb's age. The comments do not suggest that Mr. Lamb was too old to be a maintenance supervisor nor do they ridicule Mr. Lamb's age in any manner. In fact, an employee of any age might seek a position to enhance his eventual retirement potential, and the court does not believe that Mr. Evans would have been less appalled had Mr. Lamb's remark come from a younger man.

The court finds that the comments, which the court is required to construe in the light most favorable to Mr. Lamb, suggest that Mr. Evans sought an applicant who wanted a challenge rather than one who desired a promotion primarily to increase his retirement proceeds. Here, there is no evidence that Mr. Evans based his hiring decision on any considerations other than nondiscriminatory, legitimate business reasons—i.e., hiring someone who sought the job as a challenge rather than hiring someone who stated he would like the job to increase his retirement benefits. *See Johnson v. University of Wisconsin–Milwaukee,* 783 F.2d 59, 64 (7th Cir. 1986) ("[I]f plaintiff demonstrates pretext by showing that defendant's true reason was another nondiscriminatory reason[,] this does not show that defendant's proffered reason was a pretext for discrimination, and is not consistent with the conclusion that defendant discriminated against plaintiff."). Mr. Lamb has failed to present any evidence which would permit the court to infer either a discriminatory intent or a discriminatory meaning from Mr. Evans' comments. Absent such a showing, the court finds that Mr. Lamb has failed to carry his burden of producing any evidence from which the court may infer that he was discriminated against because of his age.

▮ Moreover, the court stresses that it does not " 'sit as a super-personnel department' or 'determine whether the employer exercised prudent business judgment.' "

*Heerdink v. Amoco Oil Co.,* 919 F.2d 1256, 1260 (7th Cir.1990), *cert. denied,* 501 U.S. 1217, 111 S.Ct. 2826, 115 L.Ed.2d 996 (1991) (quoting *LaSalle Nat. Bank v. County of DuPage,* 856 F.2d 925 (7th Cir.1988), *cert. denied,* 489 U.S. 1081, 109 S.Ct. 1536, 103 L.Ed.2d 840 (1989)); *see also Dale v. Chicago Tribune Co.,* 797 F.2d 458, 464 (7th Cir.1986), *cert. denied,* 479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987). "It is not appropriate for the court[ ] to fetter management's discretion by substituting [its] own judgment as to proper hiring practices." *Heerdink v. Amoco Oil Co.,* 919 F.2d 1256, 1261 (7th Cir.1990), (citing *Furnco Constr. Corp. v. Waters,* 438 U.S. 567, 578, 98 S.Ct. 2943 (1978). Thus, the court will not require the United States Postal Service to adopt what the court perceives to be the best hiring procedures. *See id.* Hence, Mr. Evans can base his hiring decision for the position of maintenance supervisor on any considerations as long as they are not discriminatory. In other words, an employer may fire or not promote an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory purpose. *Nix v. WLCY Radio/Rahall Communications,* 738 F.2d 1181, 1187 (11th Cir.1984).

### CONCLUSION

In sum, the court finds that there is not a scintilla of evidence from which a jury could reasonably conclude that Postmaster Runyon discriminated against Mr. Lamb on the basis of age. Accordingly, the court finds that Postmaster Runyon's motion for summary judgment is due to be granted.