[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13782
Non-Argument Calendar
_____

D. C. Docket No. 06-01529-CV-4-RDP

EUGENE A. KILPATRICK,

Plaintiff-Appellant,

versus

TYSON FOODS, INC.,
d.b.a. Tyson Farms, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 10, 2008)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Eugene A. Kilpatrick, a former employee of Tyson Foods, Inc. ("Tyson"),

appeals from the district court's grant of final summary judgment in favor of Tyson in an action brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Kilpatrick sued Tyson alleging that he was fired on account of discriminatory age bias after having worked 27 years as a dispatcher at Tyson's feed mill in Albertville, Alabama ("Albertville Mill"). Kilpatrick also claimed that he was 68 years old when he was fired, and was replaced by Tony Dalrymple, who was much younger. The district court granted summary judgment to Tyson concluding that Kilpatrick did not produce direct evidence of discrimination, that Tyson's reasons for terminating Kilpatrick were legitimate, non-discriminatory and non-pretextual, and that Kilpatrick failed to establish a pattern of discrimination.

On appeal, Kilpatrick argues that the district court erred by (1) applying an incorrect definition of direct evidence; (2) rejecting his showing that Tyson's proffered reason for his dismissal was pretextual and his showing of a pattern and practice of discrimination; and (3) acting as the ultimate trier of fact. After thorough review, we affirm.

We review a district court order granting summary judgment de novo, viewing all the facts in the record in the light most favorable to the non-moving party and drawing all inferences in his favor. Frederick v. Sprint/United Mgmt.

Co., 246 F.3d 1305, 1311 (11th Cir. 2001). Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party opposing a motion for summary judgment may not rest upon mere allegations or denials of his pleadings. Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). Rather, the nonmoving party must provide more than a "mere scintilla of evidence" to survive such a motion, and there must be a sufficient conflict in evidence to support a jury question. Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999) (en banc) (citation omitted).

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA applies to individuals who are at least 40 years old. 29 U.S.C. § 631(a). We "typically apply legal standards developed in Title VII and ADEA cases interchangeably." Pennington v. City of Huntsville, 261 F.3d 1262, 1269 (11th Cir. 2001). "A plaintiff may establish a prima facie case of age discrimination in one of three ways: (1) with direct evidence, (2) with circumstantial evidence, or (3) with statistical evidence." Corbin v. Southland Int'l Trucks, 25 F.3d 1545, 1548 (11th Cir. 1994). Here, Kilpatrick has purported to

3

offer all three types of evidence in support of his claims.

We have held that direct evidence of discrimination is "evidence, that, if believed, proves [the] existence of [a] fact without inference or presumption." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1086 (11th Cir. 2004) (citing Burrell v. Bd. of Trs. of Ga. Military Coll., 125 F.3d 1390, 1393 (11th Cir. 1997)); accord Morris v. Emory Clinic, Inc., 402 F.3d 1076, 1081 (11th Cir. 2005); Beaver v. Rayonier, Inc., 200 F.3d 723, 730 (11th Cir. 1999); Merritt v. Dillard Paper Co., 120 F.3d 1181, 1189 (11th Cir. 1997). Only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of a protected classification, constitute direct evidence. Wilson, 376 F.3d at 1086.

Kilpatrick argues that the district court erred in applying this well-established definition of direct evidence -- "evidence, which if believed, proves existence of fact in issue without inference or presumption" -- because it conflicts with this Court's case law. We disagree. Specifically, he cites Judge Tjoflat's opinion in Wright v. Southland Corp., 187 F.3d 1287, 1293 (11th Cir. 1999), which said that "direct evidence, in the context of employment discrimination law, means evidence from which a reasonable trier of fact could find, more probably than not, a causal link between an adverse employment action and a protected personal characteristic." However, neither of the other two members of the panel

4

joined in Judge Tjoflat's opinion, agreeing only that the evidence there was sufficient to create a genuine issue of material fact. See id. at 1306 (Cox, J., concurring in result only); id. (Hull, J., concurring in result only). Moreover, our case law, both before and since Wright, has used the standard applied by the district court in this case – i.e., that

direct evidence in this context means "evidence, which if believed, proves existence of fact in issue without inference or presumption." See supra at 4. But in any event, even if the language in Wright that Kilpatrick cites controlled this case, Kilpatrick still would not meet his burden of proof.

Here, Kilpatrick has shown no direct evidence of discrimination, nor any evidence that could come close to satisfying this standard. He presented as direct evidence of discrimination only an email from Albertville Mill manager Michael Pearce to their supervisor Keith Martin, where Pearce said that he "do[es] understand [Kilpatrick's] years of service with the company but at this point [Kilpatrick] is not effectively doing his position." But at the same time, Kilpatrick acknowledged that he never heard any member of Tyson's management, including Pearce and Martin, make any derogatory comment about his age. The Pearce email does not constitute direct evidence of discrimination. It does not evince on its face

an intent to discriminate on the basis of age. Indeed, it does not even implicitly suggest any discriminatory animus on account of age. See, e.g., Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1359 (11th Cir. 1999) (decision-maker's comment that "the company needed . . . young men . . . to be promoted" did not constitute direct evidence of age discrimination).

When a plaintiff does not present direct evidence of age discrimination, he may rely on "circumstantial evidence and invoke[] the burden-shifting framework established" by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See Cofield v. Goldkist, Inc., 267 F.3d 1264, 1267 n.6 (11th Cir. 2001) (noting that "[a]though the McDonnell Douglas framework originally applied to Title VII cases, it is now widely accepted that the framework applies to claims of discrimination under the ADEA as well."). "Under the [McDonnell Douglas] framework, the plaintiff must first establish a prima facie case of discrimination." Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000). In order to establish a prima facie case of age discrimination, the plaintiff may show that: (1) he was a member of the protected group of persons between the ages of 40 and 70; (2) he was subject to adverse employment action; (3) a younger person filled the position from which he was discharged; and (4) he was qualified to do the job. Id.

If the plaintiff establishes a prima facie case, the employer must then offer legitimate, nondiscriminatory reasons for the employment action to rebut the presumption. Id. "If the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment on the plaintiff's claim." Id. at 1024-25. A plaintiff may overcome the employer's asserted legitimate reasons and avoid summary judgment "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Taylor v. Runyon, 175 F.3d 861, 867 (11th Cir. 1999) (emphasis and quotations omitted). Still, the plaintiff "must meet [the proffered legitimate] reason head on and rebut it, and the employee cannot succeed simply by quarreling with the wisdom of that reason." Chapman, 229 F.3d at 1030.

Here, after Kilpatrick met his burden of proving a prima facie case of age discrimination, Tyson in turn met its burden of producing evidence showing that it had nondiscriminatory reasons for terminating Kilpatrick, such as his failure to respond to certain management directives, to attend certain meetings, and to draft a written action plan that addressed his performance issues. Kilpatrick did not raise a genuine issue of material fact as to whether each of the provided reasons were

7

pretextual. Summary judgment on this claim was appropriate. Cooper v. S. Co., 390 F.3d 695, 725 (11th Cir. 2004). In any event, "[w]e have repeatedly and emphatically held that a defendant may terminate an employee for a good or bad reason without violating federal law. We are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." Wascura v. City of S. Miami, 257 F.3d 1238, 1247 (11th Cir. 2001) (citation omitted).

Moreover, Kilpatrick's statistical evidence failed to establish a pattern and practice of discrimination. Not only did Kilpatrick's statistical evidence bunch together employees who left Tyson voluntarily with those who were fired, it was not set within any analytical framework by which to substantiate Kilpatrick's proffered conclusion. See Brown v. American Honda Motor Co., 939 F.2d 946, 952 (11th Cir. 1991) (statistics without a proper analytic foundation are "virtually meaningless"). Simply put, on this record, Kilpatrick presented no evidence creating a genuine issue of material fact as to Tyson's good faith belief that Kilpatrick's performance was substandard or that this -- and not discriminatory animus -- was the reason for his termination.

Finally, we can discern no merit in Kilpatrick's argument that the district

court acted as the ultimate trier of fact and failed to properly credit his evidence. In Rollins v. TechSouth, Inc., 833 F.2d 1525, 1530-32 (11th Cir. 1987), cited by Kilpatrick, we reversed the district court's grant of summary judgment in favor of Rollins' employer in a wrongful discharge case, concluding that Rollins had established a prima facie case, and there was a genuine issue of material fact regarding pretext where Rollins' supervisors made several comments indicating age bias. We also concluded that, in granting the employer's motion for summary judgment, the district court "strayed from its proper role and made credibility determinations" and "inadvertently misapplied" the summary judgment standard. Id. at 1531-32. Here, that argument fails. The district court clarified its statement of the summary judgment standard in its denial of the motion to alter or amend, and there is no indication in the record that the district court made any credibility determinations in rendering its decision.

In short, the district court's grant of summary judgment is

**AFFIRMED.**